```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**RICKEY HAGER**

    Plaintiff

v.                                      Civil Action No.: 2:04-0282

**JO ANNE BARNHART**,
Commissioner of Social Security,

    Defendant

<u>**MEMORANDUM ORDER AND OPINION**</u>

This matter is before the court pursuant to Rule 72(b) of the Federal Rules of Civil Procedure on the plaintiff's February 15, 2005, objections to the proposed Findings and Recommendation of United States Magistrate Judge Mary E. Stanley, whose report was filed February 3, 2005.

I.

The plaintiff, Rickey Hager, filed an application for disability insurance benefits and supplemental security income payments on December 18, 2001, alleging disability due to neck, shoulder and leg pain, poor circulation in the feet and legs, hypertension, visual limitations and symptoms of depression.  <u>Id.</u> at Admin. R. at pp. 21-23 & 96.  He claimed an onset date of disability as of June 20, 1996.  <u>Id.</u> at pp. 87-90.

Previously, on March 4, 1998, plaintiff had filed an application for benefits alleging disability as of June 20, 1996, due to neck and shoulder strain secondary to an automobile accident, impaired vision, hypertension and depression. Id. at p. 47. That application resulted in a June 14, 1999, administrative decision that plaintiff was not disabled. Id. at pp. 47-61. That decision was not appealed. Id. at p. 21.

With respect to plaintiff's 2001 application, a hearing before an administrative law judge ("ALJ") took place on March 17, 2003. Id. at pp. 21 & 520-66. On July 30, 2003, the ALJ rendered a decision unfavorable to the plaintiff.

Noting the preclusive effect of the prior decision, the ALJ concluded that plaintiff's onset date was no earlier than June 15, 1999. Id. at p. 22. The ALJ further determined that plaintiff had not identified a sufficient basis for re-opening the prior claim. Id. Plaintiff did not contest either of these findings before the ALJ or the magistrate judge.

Addressing plaintiff's alleged disability, the ALJ found that plaintiff was suffering from a medically severe combination of impairments, including vision loss, lumbar strain, hypertension, peripheral vascular disease and depression. Id. at

p. 24.  However, none of these impairments was severe enough to meet a listing.  Id.  The ALJ found that plaintiff's impairments warranted functional limitations that prevented him from performing his past relevant work.  Id. at pp. 26-27 & 30.  Despite plaintiff's functional limitations, the ALJ determined that plaintiff could perform a limited range of light work, including that of rental clerk, bowling alley attendant, hand-packer and off-bearer.[1]  Id. at p. 35.  The ALJ concluded that plaintiff was not disabled.  Id. at p. 36.

On October 2, 2003, plaintiff sought review of the ALJ's decision by submitting a "Request for Review of Hearing Decision/Order" to the Appeals Council.  That request specifically sought review because in plaintiff's opinion "Judge Murdock failed to give proper weight to the opinions of multiple treating physicians, who placed significant physical restrictions on his activities."  Id. at p. 16.  Plaintiff also submitted a psychological evaluation of Mari Walker, M.A., dated October 2, 2003.  Id. at pp. 15 & 17.

On January 23, 2004, the Appeals Council issued its

---

[1] The hand-packer and off-bearer jobs mentioned expressly exclude jobs that require frequent visual inspection or involve weights more than 20 pounds.

"Notice of Appeals Council Action," denying review.  Id. at pp. 11-12.  The Appeals Council stated that:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.  We found that this information does not provide a basis for changing the Administrative Law Judge's decision.  The Administrative Law Judge decided your case through July 30, 2003.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before July 30, 2003.

Id. at pp. 11-12.  The Appeals Council further informed plaintiff that the "new evidence" may be used to support a new application for benefits.

Plaintiff then commenced this action.  On February 3, 2005, the United States Magistrate Judge issued her proposed findings and recommendation concluding that the administrative decision was supported by substantial evidence.  In so finding, she extensively addressed and rejected plaintiff's challenges based on the new evidence submitted to the Appeals Council, the weight afforded the medical opinions of Dr. Randall L. Short, D.O., and Dr. John D. Cook, D.O., and state evaluator Dr. Janicki, M.D., the weight afforded the psychiatric opinion of Dr. F. Joseph Whelan, M.D., the treatment afforded the psychological

opinion of Mari Walker, M.A.,[2] the fact that the ALJ's finding that plaintiff's mental impairment was not severe was contrary to an express finding made in the June 14, 1999, administrative decision[3] and the fact that the ALJ did not include limitations related to plaintiff's alleged mental impairment in his hypothetical question posed to the vocational expert.

Plaintiff has set forth five objections to the magistrate judge's findings and recommendation.  Objection 1

---

[2]Walker's report was dated October 2, 2003, two months after the ALJ's decision reached July 30, 2003.  Proposed Findings at p. 14.  The Appeals Council concluded that Walker's report did not relate to the relevant time period and declined to characterize the report as "new evidence" to plaintiff's claim. Id. at pp. 14-15.  The magistrate judge found that the Appeals Council's treatment of Walker's report was in keeping with the applicable rules.  Id.  The court sees no reason to disturb this finding.

[3]As part of the June 14, 1999, administrative decision, the presiding ALJ found that plaintiff did have a severe impairment related to depression.  Admin. R. at p. 59.  It appears that plaintiff's functional limitations, as expressed by the ALJ, attributable to depression limited plaintiff to low stress tasks involving no more than one or two steps.  Id. at p. 57.  In his June 30, 2003, decision, the ALJ recognized that prior finding but concluded based upon the relevant evidence that plaintiff's depression no longer qualified as a severe impediment.  Id. at p. 29-32.  The magistrate judge found that the ALJ's deviation from the prior decision was supported by substantial evidence. Proposed Findings at pp. 22-26.  In so doing, she noted that during the relevant period none of plaintiff's treating or examining sources recommended that he undergo counseling or mental health treatment and she further noted that plaintiff had stopped a prescription that he was taking at the time of the prior determination for his depression.  Id. at p. 26.

takes issue with the magistrate judge's statement that "[t]he court can ascertain no reason why the presence in the record of another claimant's transcript (Tr. at 520-49), an error first remedied at the District Court level, would have impacted the Appeals Council's decision."  In Objections 2 through 5, plaintiff merely "takes exception," without elaboration, to the magistrate judge's determinations that substantial evidence supported the ALJ's findings with respect to treatment of the medical opinions of Dr. Short, Dr. Cook and Dr. Janicki, the treatment of the psychiatric opinion of Dr. Whelan, the conclusion that plaintiff did not suffer from a severe mental impairment despite the contrary opinion of Dr. Whalen and the contrary 1999 administrative finding,[4] and the hypothetical question posed to the vocational expert even though it did not

---

[4] During the relevant time period, the plaintiff was examined by Dr. Whalen, whose services apparently were retained by plaintiff's counsel, and Tracy Pauley-Smith, M.A., a consultative psychological examiner.  It appears that the plaintiff, by referring to all psychiatrists and psychologists opinions, also seeks to implicate those opinions addressed in the prior administrative decision as well as the opinion of Walker proffered as "new evidence" which the Appeals Counsel rejected based on lack of relevancy to the time period.

include mental limitations.[5]

## II.

With respect to Objections 2 through 5, inclusive, the administrative record, as the magistrate judge aptly demonstrates, contains substantial evidence supporting the findings reached by the ALJ. The stated objections are nothing more than the continued advancement of positions aptly addressed and resolved by the magistrate judge in her extensive and well-reasoned proposed findings and recommendation. The court finds no reason to diverge from the magistrate judge's findings and recommendation concerning these objections.

With respect to Objection 1, this challenge concerns an issue which arose during the pendency of this action. On April 15, 2004, Robin Marquis, the "Chief, Court Case Preparation and Review Branch 2, Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration," certified a "full and accurate transcript" of the administrative

---

[5]With respect to this final argument, the magistrate judge noted that a hypothetical question may omit non-severe impairments and inasmuch as substantial evidence support the ALJ's treatment of plaintiff's depression, the magistrate judge concluded that the hypothetical question posed was adequate. Proposed Findings at p. 26.

7

proceeding. Admin. R. at p. 1. This administrative record was filed May 24, 2004. The index indicates that the transcript of the oral hearing before the ALJ may be found at pages 521-50. <u>Id.</u> at. p. 2. However, the included transcript documents a June 17, 1998, hearing of another claimant taken in Franklin, Pennsylvania, and has no bearing on plaintiff's claim for benefits.

On June 21, 2004, Marquis executed a supplemental certification, certifying "that the document annexed hereto is a true and corrected transcription of the testimony taken at the hearing held March 17, 2003, in the administrative record in the case of Ricky [sic] R. Hager, certified on April 15, 2004." The supplemental transcript was filed with the court on June 23, 2004, and documents the March 17, 2003, hearing concerning the plaintiff's claim.

The "Notice of Decision" issued by the ALJ on July 30, 2003, advises the plaintiff of his right to file an appeal. The Notice states:

> Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404 (Subpart J) and Part 416 (Subpart N).
>
> If you file an appeal, the Council will consider all of

>  my decision, even the parts with which you agree.  The
>  Council may review your case for any reason.  It will
>  review your case if one of the reasons for review
>  listed in our regulations exists.  Sections 404.970 and
>  416.1470 of the regulation list these reasons.
>
>  Requesting review places the entire record of your case
>  before the Council.  Review can make any part of my
>  decision fully or partially favorable or unfavorable to
>  you.
>
>  On review, the Council may itself consider the issues
>  and decide your case.  The Council may also send it
>  back to an administrative law judge for a new decision.

Id. at p. 19.  Neither the parties nor the record indicates whether the Appeals Council had access to the correct transcript at the time it considered plaintiff's request for review.[6]

Plaintiff suggests that both the inclusion of the erroneous transcript and the initial omission of the correct transcript in the administrative record before this court is evidence of clear error.  After careful review, the court concludes that neither contention merits remand.

Contrary to plaintiff's speculation, there is no indication that any evidence set forth in the erroneous

---

[6]Plaintiff's counsel asserts that he spoke with the "Clerk's office," presumably the office for which Marquis serves as Chief, concerning the matter.  Pl.'s Obj. at p. 3.  Although that office had no explanation for why this happened, the personnel he spoke to indicated "that it must have occurred when the transcript was first attached to the file."  Id.  Defendant has offered no explanation for this occurrence.

transcript factored into the Appeals Council's consideration of his request for review. Indeed, the Appeals Council explicitly states in its denial that its consideration of plaintiff's request was confined to plaintiff's challenges to the ALJ's treatment of medical opinions and to the introduction of "new evidence." Both of these challenges focus on the medical and psychological opinions and resolution of these challenges was thus not dependent on the Appeals Council's review of a hearing transcript.

Moreover, as the magistrate judge aptly noted, one would be "hard pressed to understand" how the absence of that transcript would impact the Appeals Council's conclusion that the ALJ's treatment of the medical opinions did not warrant review. Plaintiff attempts to circumvent this notion by contending that the transcript is necessary to review the ALJ's findings as to the vocational testimony. The vocational testimony, however, was not expressly challenged by plaintiff in his request for review and, in any event, plaintiff's quarrel with the vocational testimony is derivative of his challenges concerning the ALJ's treatment of medical opinions inasmuch as he contends that his functional limitations should have been more severe based on the medical evidence that the ALJ discredited. Even if it were

10

assumed that the Appeals Council did not have the correct hearing transcript, the omission of that transcript under the circumstances is harmless and plaintiff's objection without merit.

### III.

For the reasons stated, and having reviewed the record de novo, the court adopts the magistrate judge's Proposed Findings and Recommendation in their entirety. It is, accordingly, ORDERED that plaintiff's motion for summary judgment be, and it hereby is, denied, and that defendant's motion for judgment on the pleadings be, and it hereby is, granted. It is further ORDERED that the final decision of the Commissioner be, and it hereby is, affirmed.

The Clerk is directed to forward copies of this written opinion to all counsel of record.

DATED: May 9, 2005

John T. Copenhaver, Jr.
United States District Judge

11